**Norfolk**

THEODORE DUKELOW

v.

HELEN L. DUKELOW

No. 0305-85

Decided March 4, 1986

COUNSEL

W. Leigh Ansell, for appellant.

Jeremiah A. Denton, III, for appellee.

OPINION

**HODGES, J.**—Helen L. Dukelow (the "wife") filed a bill of complaint on March 30, 1984, praying that she be granted a divorce *a mensa et thoro*, to be merged later into a divorce *a vinculo matrimonii* based on a twelve month separation. Her complaint included a prayer for temporary and permanent spousal support and maintenance. Theodore Dukelow (the "husband") filed an answer and cross bill. The cross bill alleged that his wife had willfully deserted him without just cause. He prayed that the bill of complaint be dismissed, that he be awarded a divorce *a mensa et thoro* on grounds of desertion, that he be granted leave to merge the *a mensa* decree into a divorce *a vinculo matrimonii* at the end of the statutory period and that he be awarded temporary and permanent support and maintenance.

On May 31, 1984, the court awarded the wife $400 per month as temporary spousal support. On August 16, 1984, the cause was referred to a commissioner in chancery who heard evidence on September 12, 1984. He subsequently filed his report to the court and reported the following pertinent facts: the allegation of desertion by the husband was found to be uncorroborated, and the wife's contention that the separation was by mutual agreement appeared to be corroborated by an agreement signed by both parties which stated that they had agreed to live separate and apart from each other beginning September 25, 1982. The commissioner recommended that a divorce *a vinculo matrimonii* be awarded to the husband pursuant to Code § 20-91(9). After considering all of the factors enumerated in Code § 20-107.1, the commissioner recommended that the husband should contribute $400 per month to the wife as spousal support. The commissioner's report was filed with the clerk of the court on October 24, 1984, and the wife filed her objections to it on November 2, 1984. The exceptions were to the amount of spousal support awarded and to the recommendation that the husband be granted a divorce based upon a one year separation, even though the wife's bill of complaint had also

sought divorce on the same grounds.

After a hearing on the wife's exceptions, a decree of divorce *a vinculo matrimonii* was entered February 1, 1985, which granted a divorce to the wife based upon her bill of complaint, dismissed the cross bill, and increased the amount of spousal support to the wife to $700 per month. The decree granted the divorce to the wife on the basis of a twelve month separation pursuant to Code § 20-91(9). The court found that the husband's net monthly income was approximately $2,622 and the wife's was $863, not including the value of the free residence she received from her employer. The court noted that an award of $700 a month support left the husband's net disposable monthly income of approximately $1,922 a month, while the wife's would be approximately $1,563.

The husband filed his appeal and presents the following questions: (1) whether the court erred in not awarding him a divorce on the grounds of desertion; (2) whether the court erred in awarding the wife a divorce based upon a twelve month separation pursuant to Code § 20-91(9); (3) whether the court erred in awarding spousal support; and (4) whether the court erred in increasing the monthly spousal support from $400, as recommended by the commissioner, to $700.

█ It must be noted initially that two of the four questions presented are not properly before this court. Whether the evidence was sufficient to find the wife guilty of desertion and whether the court erred in awarding *any* spousal support are rulings which cannot be attacked in this appeal. The husband did not file any exceptions to the commissioner's report, and those rulings were contained in that report. A party may not raise a question for the first time on appeal, except when there is error appearing on the face of the report. *Watson* v. *Brunner*, 128 Va. 600, 105 S.E. 97 (1920).

> Exceptions partake of the nature of special demurrers, and hence, as the authorities say, a party excepting must put his finger on the error, that the court may see what it is to decide. It is too later, however, to do this for the first time in the appellate court, unless the report be erroneous on its face.

*Id.* at 618, 105 S.E. at 103 (quoting *Cralle v. Cralle*, 84 Va. 198, 6 S.E. 12 (1887)).

We perceive no errors on the face of the commissioner's report, and to perfect those two questions on appeal the husband would have had to except to the commissioner's findings at the time his report was filed. Since he did not do so, we cannot address them initially at this time.

The wife sought a divorce based upon a one-year separation; the cross-bill filed by the husband alleged that his wife willfully deserted him and asked for a divorce on that ground. After hearing the evidence and argument by counsel, the commissioner held that the evidence of willful desertion was uncorroborated while the evidence of separation by mutual agreement was corroborated. The commissioner recommended that the husband be granted a divorce *a vinculo matrimonii* on his cross-bill, pursuant to a one-year separation. *See* Code § 20-91(9). He further recommended that the wife's bill of complaint be dismissed. However, after taking exception to this recommendation, the wife argued to the trial court that the divorce should have been granted to her since she requested one pursuant to Code § 20-91(9) in her bill of complaint which was filed prior to the husband's cross-bill. The final order stated that the court was affirming the commissioner's report, except for the support amount and the award of the divorce to the husband.

On appeal, the husband contends that his wife was not entitled to the divorce since she had not offered corroborating testimony on any point required by Code § 20-91(9), except for one witness who offered the opinion that there was no likelihood that the parties would get back together. It is clear, however, that the totality of the evidence included all of the factors required under Code § 20-91(9), since the husband's own witness testified to the date that the parties began living separate and apart.

We can see no tangible benefit to be gained by the husband if the no-fault divorce were to be awarded to him as opposed to his wife. It is clear that the right to spousal support would not be affected by an award of a no-fault divorce since neither party's duty of support would be affected absent a finding of fault on one party or the other. *Blevins* v. *Blevins*, 225 Va. 18, 21, 300 S.E.2d 743, 745 (1983); *Bristow* v. *Bristow*, 221 Va. 1, 3, 267 S.E.2d 89,

90 (1980); *Brooker* v. *Brooker*, 218 Va. 12, 13, 235 S.E.2d 309, 310 (1977). Therefore, we hold that this assignment of error is without merit.

The final contention of the husband is that the court erred when it modified the commissioner's recommendation that the husband contribute $400 a month as spousal support and increased the amount to $700 per month. The determination of spousal support is a two-step process: first, the court must determine whether either of the parties is barred from receiving support due to the existence of a marital fault amounting to a statutory ground for divorce; and, second, if no fault ground exists, then the court must weigh the relative needs and abilities of the parties in accordance with the statutory factors enumerated in Code § 20-107.1. *Thomasson* v. *Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983). Those spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay. *Floyd* v. *Floyd*, 1 Va. App. 42, 45, 333 S.E.2d 364, 366 (1985). Since the commissioner found that the wife was not guilty of any fault in the divorce, and additionally determined that she was entitled to support, the only question was the extent of her need for support when balanced against her husband's ability to pay.

The final order reveals that the court, in deciding to modify the commissioner's recommendation for spousal support, considered the respective parties' net disposable monthly income. With an increase of $300 a month, the wife's net disposable income would amount to $1,563 a month, while the husband's would be $1,922. While it is clearly error for a court to consider only one of the statutory factors contained in Code § 20-107.1, *Bristow* v. *Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980), we cannot say that the court erred in this regard since the final order reflects that the modification was deemed to be reasonable and fair considering the facts and circumstances existing at that time.

The only question remaining is whether the court abused its discretion by increasing the amount of the award. When a court refers a cause to a commissioner in chancery, it does not delegate its judicial functions to the commissioner, and it is not bound by the commissioner's recommendations. Rather, the court must review the evidence, apply the correct principles of law, and

make its own conclusions as to the appropriate relief required. *Lawrence* v. *Lawrence*, 212 Va. 44, 47, 181 S.E.2d 640, 643 (1971). The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done. *Oliver* v. *Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960); *accord Lapidus* v. *Lapidus*, 226 Va. 575, 580, 311 S.E.2d 786, 789 (1984). In the instant case, we cannot say that the court abused its discretion in modifying the recommendations made by the commissioner in his report.

Accordingly, we affirm the decree of the court.

*Affirmed.*

Baker, J., and Barrow, J., concurred.