COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


GLENDA MARLENE KENNEDY FISHER

                                        MEMORANDUM OPINION[*]
v.    Record No. 0687-99-2                 PER CURIAM
                                        FEBRUARY 8, 2000
WALTER CARL FISHER


            FROM THE CIRCUIT COURT OF MADISON COUNTY
                  Lloyd C. Sullenberger, Judge

            (Owaiian M. Jones; Law Offices of Owaiian M.
            Jones, on brief), for appellant.  Appellant
            submitting on brief.

            No brief for appellee.


     Glenda Marlene Kennedy Fisher appeals the final decree of

divorce in which the circuit court granted her husband, Walter

Carl Fisher, a divorce, distributed the parties' marital property,

and denied wife spousal support and attorney's fees.  Wife alleges

that the trial court erred by (1) failing to order husband to pay

her spousal support; (2) failing to follow Code § 20-107.3 when

equitably distributing the marital property; (3) denying wife's

request for reimbursement of medical insurance premiums paid for

husband; (4) denying wife's request for reimbursement for payment

of husband's tax liability; and (5) denying wife's request for

attorney's fees.  Upon reviewing the record and opening brief, we

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

conclude that this appeal is without merit.  Accordingly, we affirm the judgment of the trial court.

> Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below.  Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.

Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986).

## Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow  v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

> In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the . . . factors that are set forth in Code § 20-107.1.  When the chancellor has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion.

Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  The trial court is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors."  Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986).  However, its findings

-

"must have some foundation based on the evidence presented."
Id.

The parties were married on December 31, 1996 and separated no later than September 3, 1997. Wife testified at trial that she worked twenty-four hours a week, earning $11.65 an hour. She admitted that her testimony differed from her response to husband's interrogatories, in which she indicated that she received $666 in monthly income for the last two and one-half years. Wife's W-2 tax form for 1996 showed her income was $21,940. According to the written statement of facts, at trial wife testified that she "cut back the number of her working hours per week since the issuance of her W-2." The record contains no explanation for the wife's reduced work hours. The evidence established that husband's sole income was approximately $15,000 in retirement benefits from the United States Railroad Retirement Board.

The trial court's order indicated that it considered the statutory factors and found no evidence warranting an award of spousal support to wife. It reserved wife's right to seek spousal support in the future. Because the trial court considered the statutory factors and its decision has evidentiary support, wife has not demonstrated an abuse of discretion in its denial of spousal support.

-

## Equitable Distribution

Wife contends that the trial court erred by failing to grant her a monetary award to cover expenses she allegedly made on husband's behalf during the marriage.  Whether a party is entitled to a monetary award is a matter left to the sound discretion of the trial court.  See Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).  It was uncontested that wife paid $4,000 to cover husband's income tax liability.  However, both parties testified that the source of those funds was $10,000 husband deposited into wife's account prior to their marriage.  The written statement of facts indicates that wife so testified during the October 7, 1998 hearing.  Wife also asserted that she spent $195 a month for two years to cover husband's health insurance premiums.  Evidence introduced by husband indicated that wife notified him that the policy ended October 18, 1997.  Therefore, the record does not support wife's assertion that she expended $8,680 on husband's behalf.  We find no abuse of discretion in the trial court's decision not to make a monetary award to wife as reimbursement for these claimed expenses.

Wife also contends that the trial court erred in its distribution of the marital property.  We agree that the trial court erred in classifying the parties' property, but we find that error to be harmless under the circumstances of this case. See generally Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).

-

The trial court classified as marital property the Ford truck, the camcorder, the pine bed and mattress, the .38 caliber revolver, and the shotgun. These items were not acquired during the marriage. Therefore, the trial court erred in classifying them as marital rather than separate property. Because these items were separate property, the trial court also had no authority to order their transfer from one party to another. See Code § 20-107.3(C). However, under the circumstances of this case, we find these errors to be harmless. Wife purchased the bedroom set and camcorder prior to the marriage. These items were awarded to her. While wife purchased the guns prior to the marriage, evidence indicated that she gave these items to husband as gifts prior to the marriage. Therefore, credible evidence supports the conclusion that they were husband's separate property prior to the marriage. As the trial court's decision awarded each item of separate property to its proper owner, we find no reversible error.

The evidence established that husband's separate funds were used to purchase the truck in wife's name prior to the marriage. Wife did not allege that husband intended the truck to be a gift to her. At the time of trial, the truck was titled in husband's name on the records of the Department of Motor Vehicles. Wife presented personal property tax documents bearing her name. Although title alone does not determine the classification of property under the Virginia equitable distribution statute, see

-

Code § 20-107.3(A)(3)(f) and (B), the truck was purchased prior to the marriage with funds traceable to husband. Therefore, the truck was husband's separate property. Because the trial court awarded husband the truck as his separate property, we find any error in classification to be harmless.

## Attorney's Fees

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of counsel fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985). Wife's income, at a minimum, was comparable to husband's. There was no indication that husband was responsible for extending the litigation in any way. We cannot say that the trial court abused his discretion in refusing to award wife attorney's fees.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

-