BENTON, Judge,
concurring, in part, and dissenting, in part.
In determining whether spousal support ordered in a final decree of divorce is modifiable, see Code § 20-109(A), the trial judge must distinguish between (1) court ordered support decreed pursuant to Code § 20-107.1 and (2) support derived from “a stipulation or contract signed by the party to whom [support] might otherwise be awarded” and decreed pursuant to Code § 20-109(C). I agree with the majority opinion that the final decree was not signed by either party; therefore, Code § 20-109(C) did not limit the trial judge’s authority to modify the support ordered by the final decree. The final decree awarded custody of the parties’ child to the wife and contained the following provision regarding spousal support:
ORDERED that [the husband], shall pay [the wife], the sum of $800.00 per month as spousal support beginning December 1, 1988, and on the first day of each succeeding month until death of either party or remarriage of Complainant; for any period when custody of [the child] shall be changed to [the husband], spousal support shall be increased to $500.00 per month in lieu of child support.
I disagree with the majority opinion’s conclusion that the “Consent Order,” which the trial judge entered three months after the final decree, was “a stipulation or contract signed by the party to whom such relief might otherwise be awarded.” Code § 20-109(C). The first paragraph of the Consent Order states that “THIS CAUSE came on to be heard upon the joint motion of the parties to voluntarily transfer custody of the parties’ minor child ... from the [wife] to the [husband] and upon argument of counsel.”
Adjudicating this motion, the Consent Order specifies the judge’s findings and ruling on spousal support as follows:
*132 AND IT APPEARING TO THE COURT that on the 13th day of December, 1988, this court entered a Decree of Divorce a vinculo matrimonii, which contained certain provisions concerning custody of [the child], rights of visitation, and payments of support; that subsequent to that date, the parties have agreed to voluntarily transfer custody of said child from the [wife] to the [husband], and to maintain the same visitation rights for the new non-custodial parent and to clarify the issue of support; for other good cause shown, the motion ought to be granted, it is hereby
% H* ❖ ❖ * *
ADJUDGED, ORDERED, AND DECREED that the [husband] shall pay the [wife] the sum of $500.00 per month as spousal support beginning on the first day of the month immediately following the date of the execution of this agreement, and on the first day of each succeeding month until the death of either party or remarriage of the complainant. ...
Although, when the Consent Order was presented to the judge, the wife was acting as her own counsel and signed the Consent Order in that capacity “pro se,” her signature did not render the Consent Order a “stipulation or contract” for purposes of Code § 20-109(C). Her signature on the Consent Order merely indicated that it was an agreed adjudication of the issues before the court. In the absence of extraordinary language in a court’s order or decree acknowledging the filing of “such a stipulation or contract” and the parties’ intent to have a “pro se” signature on that decree or order operate to invoke the limitations of Code § 20-109(C), the mere entry of a court order or decree which is signed by a party acting “pro se” does not satisfy the requirements of Code § 20-109(C).
The statute states that “[i]f such a stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.” Code § 20-109(C) (emphasis added). Thus, I believe the statute contemplates a particular document signed by the parties, which has been filed with the court, and *133 a court order, which has been entered to conform with that document. If the court order itself is to be considered as the “stipulation or contract,” I believe the court order must clearly specify that it is so and reference the limitations of Code § 20-109(C). To require any less would engender confusion as to whether the court order or decree is entered pursuant to Code § 20-109(A) and (B) or pursuant to Code § 20-109(C).
The record in this case clearly established that, with respect to spousal support, the Consent Order did no more than enforce one of the original provisions of the final decree, which stated that “for any period when custody of [the child] shall be changed to [the husband], spousal support shall be increased to $500.00 per month in lieu of child support.” When the parties agreed to transfer the legal custody of the child from the wife to the husband per the Consent Order, they also sought to “clarify” that the condition in the final decree, which rendered the husband’s increased payment to be “in lieu of child support,” was in effect.
For these reasons, I would affirm the trial judge’s ruling that spousal support was modifiable pursuant to Code § 20-109(A). I would also affirm the trial judge’s refusal to modify the spousal support. The trial judge found that the wife lives a “frugal” lifestyle, continues to repay a loan incurred during the marriage, and that the “surplus in her budget ... should [allow her] ... to repay her contribution to the ... retirement system as well as repay the loan.” Significantly, the trial judge ruled “[i]t would be appropriate to review at a future time [the wife’s] needs using the findings made during this hearing as a benchmark.”
The determination of the amount of support that is warranted is a matter within the discretion of the trial judge. See Dukelow v. Dukelow, 2 Va.App. 21, 27, 341 S.E.2d 208, 211 (1986). In determining the needs of the wife, the trial judge thoroughly analyzed the financial evidence in the record. I find no abuse of discretion.
For these reasons, I would affirm the judgment.