COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


ROY D. HARE, SR.
                                    MEMORANDUM OPINION*
v.    Record No. 2526-99-1              PER CURIAM
                                      APRIL 25, 2000
JANICE D. HARE


            FROM THE CIRCUIT COURT OF YORK COUNTY
                N. Prentis Smiley, Jr., Judge

        (Vicki Beard, on briefs), for appellant.

        (Charles E. Haden, on brief), for appellee.


    Roy D. Hare, Sr. (husband) appeals the decision of the

circuit court setting spousal and child support to be paid to

Janice D. Hare (wife).  On appeal, husband contends that the

trial court erred by (1) requiring husband to maintain an

existing life insurance policy naming his children as

beneficiaries; (2) awarding $400 in monthly spousal support

without imputing income to wife; (3) awarding wife $1,000 in

attorney's fees; and (4) ordering husband to pay a pro rata

share of all the children's uninsured medical expenses which

exceed $100.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to wife as the prevailing party below.

> "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled."  We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992) (citations omitted).

## Life Insurance

Husband contends that the trial court erred when it ruled that he was to retain his existing life insurance naming the children as beneficiaries.  He concedes that the trial court acted under the authority provided in Code § 20-108.1(D).  He argues, however, that wife failed to request an award of insurance and that the trial court was required to examine whether the cost of maintaining the life insurance was prohibitive.  We find husband's arguments unpersuasive.

In pertinent part, Code § 20-108.1 provides:

> D.  In any proceeding under this title, Title 16.1 or Title 63.1 on the issue of determining child support, the court shall have the authority to order a party to (i) maintain any existing life insurance policy on the life of either party provided the party so ordered has the right to designate

-

a beneficiary and (ii) designate a child or children of the parties as the beneficiary of all or a portion of such life insurance for so long as the party so ordered has a statutory obligation to pay child support for the child or children.

The evidence established that husband had existing life insurance naming the children as beneficiaries. While the written statement of facts noted that neither party offered any evidence concerning the cost of the life insurance premium, evidence indicated that husband claimed $26.50 as a monthly life insurance premium reducing his gross monthly income. Husband cannot be heard to complain on appeal that the trial court failed to consider other evidence that he failed to present.

In her bill of complaint, wife prayed for child support under the provisions of Code § 20-107.2. "In determining child support, there is a rebuttable presumption that the amount determined in accordance with the statutory guidelines, Code § 20-108.2, is the correct award." Brooks v. Rogers, 18 Va. App. 585, 591, 445 S.E.2d 725, 728 (1994). See Code §§ 20-108.1(B) and 20-108.2. These sections also expressly authorize the trial court to include provisions covering health care expenses and life insurance in its child support decrees. See Code § 20-108.1(C) and (D). In addition, the parties presented evidence that husband currently had life insurance coverage for the benefit of the children. Therefore, because

-

the trial court acted within its statutory authority based upon the evidence presented, we find no error.

## Spousal Support

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). "In fixing the amount of the spousal support award, a review of all of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances . . . ." Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). "A court may under appropriate circumstances impute income to a party seeking spousal support." Srinivasan v. Srinivasan, 10 Va. App. 728, 734, 396 S.E.2d 675, 679 (1990); see Code § 20-107.1(E).

Husband contends that the trial court erred when it failed to impute income to wife. The written statement of facts indicates that wife was working twenty-eight hours a week "in a permanent part-time job earning $5.25 per hour . . . because it provided health insurance benefits to her at a cost of $15.00 per week." In 1999, wife was laid off due to budget cutbacks from a job paying $1,267 per month. Wife turned down a nursing position due to the nature of the patient's illness. The trial court calculated wife's income based upon her actual monthly earnings of $637 and an earned income tax credit of $307. The total income of

-

$11,328 attributed to wife was more than wife had earned in 1995 through 1997, and approximately $3,000 less than wife's total income in 1998. Based upon the evidence before the trial court, we cannot say that its decision not to impute additional income to wife was an abuse of discretion.

## Attorney's Fees

Husband contends that the trial court lacked jurisdiction to award attorney's fees in its support order of September 28, 1999, because it ruled in the equitable distribution decree entered on August 2, 1999, nunc pro tunc June 21, 1999, that "each party shall pay their own attorney's fees." However, in the proceedings before the trial court, husband objected to the award of attorney's fees on the ground it was "excessive, beyond [husband's] reasonable ability to pay and an abuse of discretion." He did not raise any objection based upon the court's purported lack of jurisdiction. The trial court expressly reserved its jurisdiction to determine child and spousal support when it issued its August 2, 1999 order, and we find no indication that the court lacked jurisdiction to award wife attorney's fees. Therefore, husband waived his argument that the trial court lacked jurisdiction to award additional attorney's fees. See Rule 5A:18.

## Uninsured Medical Expenses

Husband contends that the trial court deviated from the child support guidelines set out in Code § 20-108.2 by requiring him to pay a pro rata share of uninsured medical expenses

-

exceeding $100, but failed to provide a written basis for its deviation. Husband did not raise this argument below, and we will not consider it for the first time on appeal. See Rule 5A:18.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.