COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Agee and Senior Judge Overton
Argued at Alexandria, Virginia


VICKI R. MABIE

                                    MEMORANDUM OPINION* BY
v.    Record No. 0729-01-4          JUDGE NELSON T. OVERTON
                                         MARCH 19, 2002
RICHARD E. MABIE


            FROM THE CIRCUIT COURT OF WARREN COUNTY
                  John E. Westel, Jr., Judge

        Richard L. Downey (Eric W. Trucksess; Law
        Offices of Richard L. Downey & Associates, on
        brief), for appellant.

        Michael V. Greenan for appellee.


     Vicki R. Mabie (wife) appeals from a final decree of divorce

from Richard E. Mabie (husband).  The circuit court awarded wife

support of $600 per month for a period of six years.  On appeal,

wife contends the trial court abused its discretion by (1) denying

her request for permanent spousal support, and (2) failing to

award a permanent reservation of rights to spousal support.  For

the reasons that follow, we affirm the decree, with the exception

of the denial of a reservation of right for spousal support.

     On appeal, we view the evidence and all reasonable

inferences in the light most favorable to appellee as the party

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Procedural Background

The parties married in January 1972, separated on April 18, 1999, and were divorced by a final decree entered on February 20, 2001.  Three children were born to the couple, one of whom is under the age of eighteen.  Wife requested permanent spousal support, and the court awarded her support for a period of six years.  Wife also requested a reservation of right for support.

## Analysis

### I.

Wife contends the trial court abused its discretion by not awarding her permanent spousal support.  She argues the court failed to consider all the factors enumerated in Code § 20-107.1(E) in its determination of spousal support.  "The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986) (citations omitted).  However, the trial court's discretion must not be exercised without reference to Code § 20-107.1, which "commands that, in order to exercise its discretion, '[t]he court shall . . . consider' the specific factors contained therein.  Failure to do so is reversible error."  Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d

-

89, 90 (1980) (citation omitted). In reviewing the disputed decision, "[w]e assume that the [court] followed the statutory mandate," and the trial judge need not assign a weight to each among the several factors, provided related evidence is before the court. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985).

The trial court clearly stated its decision was based upon the required factors. The court also indicated it considered the length of the parties' marriage, wife's earning capacity, and her present needs in its determination of the $600 monthly support award. The trial court considered the relevant factors listed in Code § 20-107.1, and we find no abuse of discretion in its award of limited spousal support to wife.

## II.

Wife argues the trial court abused its discretion by denying her request for a reservation of rights for support. Code § 20-107.1(D) provides:

> In addition to or in lieu of an award . . .
> the court may reserve the right of a party
> to receive support in the future. In any
> case in which the right to support is so
> reserved, there shall be a rebuttable
> presumption that the reservation will
> continue for a period equal to fifty percent
> of the length of time between the date of
> the marriage and the date of separation.
> Once granted, the duration of such a
> reservation shall not be subject to
> modification.

-

The parties were married for twenty-eight years, a factor which the trial court considered in its award of spousal support. The court provided wife with a reservation of right for support for a six-year period to run concurrently with the period support payments are due from husband. There was no evidence before the court rebutting the presumption that the reservation shall run for the period of time specified by statute. Accordingly, we remand the decree to the trial court for a modification to include a reservation of right to seek future modification for the statutorily prescribed time period.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>

-