COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


STEPHEN W. RUDD

v.      Record No. 0694-03-2

REGINA A. RUDD, A/K/A
 REGINA A. WINDSOR

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2003


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

(Andrea C. Long; Boone, Beale, Cosby & Long, on brief), for
appellant. Appellant submitting on brief.

(Regina A. Windsor, on brief, pro se). Appellee submitting on brief.


Stephen W. Rudd (husband) appeals the circuit court's decision reducing his monthly

spousal support obligation to Regina A. Rudd (wife) from $1,100 to $1,000. On appeal, husband

contends the trial court abused its discretion by failing to reduce the obligation by a greater amount.

Finding no error, we affirm.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable

to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250,

391 S.E.2d 344, 346 (1990).

The parties married on May 1, 1976 and were divorced by final decree dated June 21,

2001. The final decree awarded wife spousal support in the amount of $1,100 per month. In

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

August 2002, husband filed a motion to reinstate, seeking a reduction in his support obligation, alleging two material changes in circumstances.

First, husband testified he lived with his mother at the time of the divorce and has subsequently purchased a home with mortgage payments of $625 per month. Second, he argued that at the time of the spousal support award, wife did not work. She has since obtained full time employment.

Wife's income and expenses exhibit demonstrated her net monthly income, including spousal support, was $2,717.54. Her claimed monthly expenses totaled $3,075.96. Wife testified she has worked full time since July 18, 2000, before the date of the original support award. She further testified her income has not increased since that time. Husband listed his net monthly income as $2,492.52 with a monthly surplus of $958.19.

Following a February 10, 2003 hearing, the trial court reduced husband's obligation by $100 per month.

Analysis

A party seeking modification of spousal support pursuant to Code § 20-109, bears the burden of proving "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The material change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted). In addition, "[t]he material change in circumstances must have occurred after the most recent judicial review of the award . . . ." Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997). "The determination whether a spouse is entitled to [a reduction or increase in spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is

clear that some injustice has been done." <u>Dukelow v. Dukelow</u>, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

The trial court reviewed the evidence and determined the alleged changed circumstances did not warrant a significant decrease in husband's support obligation. The court did not abuse its discretion in reducing the support amount by only $100 per month.

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>