COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Elder and Bumgardner
Argued at Richmond, Virginia


LARRY E. LLOYD

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0504-04-2              JUDGE RUDOLPH BUMGARDNER, III
                                                         OCTOBER 5, 2004
MEREDITH M. LLOYD


               FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Herbert C. Gill, Jr., Judge

               T. Michael Blanks, Jr. (Marchant, Thurston, Honey & Blanks,
               L.L.P., on brief), for appellant.

               No brief or argument for appellee.


        Larry Lloyd appeals the failure of the trial court to terminate his spousal support

obligation.  We conclude the evidence supports the decision to reduce his support but not

terminate it, and we affirm.

        The parties married in 1977, had two children, separated in 1998, and divorced July 5,

2000.  The final decree fixed spousal support at $1,500 per month.  The husband filed a motion

to reduce or terminate the award in 2003.  After a hearing, the trial court reduced support to

$1,000.

        It is within the trial court's discretion to determine "whether a spouse is entitled to

[modify] support, and if so how much . . . and [its decision] will not be disturbed on appeal

unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27,

341 S.E.2d 208, 211 (1986).  The husband acknowledges the standard of review is abuse of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

discretion but maintains the trial court abused its discretion in not terminating support or, in the alternative, in not ordering a greater reduction.

In 1999, the husband's monthly income was $6,615 and his expenses, excluding support, totaled $7,077. In 2003, his income was $4,143 and his expenses, excluding support, were $5,231.63. The husband attributed his decreased income to a decline in business profits. He owns and runs his own businesses that primarily consisted of vacuum cleaners sales and services. Vacuum sales decreased due to restrictions on high-risk consumer financing and changes in solicitation laws that established telephone "no-call lists." Since 2000, the husband has sold three of his eight service stores because of poor performance. In 2002, he purchased a diet pill business, which initially flourished. More recently, sales declined due to adverse publicity about the diet drug Ephedra.

The husband testified that he refinanced his home twice to pay his personal and business debts and has placed it on the market. His equity in the house decreased to $45,000. He maintained that he would be forced into bankruptcy if support payments were not terminated. The husband also presented evidence that the wife's income increased after the divorce. She did not work in 2000 but earned approximately $44,000 as a registered nurse in 2001. She earned an additional $13,000 to $15,000 in overtime the next year.

The wife maintains she still needs spousal support. Her current monthly expenses, $5,500, exceed her monthly income, $4,077. She recently changed employers, was earning $23 per hour, and was no longer eligible for overtime. She suffered from hypertension, depression, and an arthritic knee. The wife had total assets worth under $48,000. Her debts include a home equity loan of $47,655.87, a car loan of $10,000, and a credit card debt of approximately $5,200. She was attempting to reduce her expenses by selling a sailboat and horses. She also testified

about the husband's business practices that could distort the actual financial condition of his businesses.

The amount of reduction in support is within the court's discretion, and the trial court ordered a one-third reduction in the payment. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In order for this Court to rule that the trial court erred in not terminating support entirely, the husband's evidence had to be sufficiently strong to compel that conclusion as a matter of law; reasonable minds could only reach one conclusion from the evidence: termination. The husband's evidence fails that hurdle.

The husband presented evidence that his income decreased and the wife's increased. The parties were married for over twenty years. The husband's evidence of and explanations for his fiscal data were subject to evaluation and interpretation. The wife did not work during the marriage but became employed full-time. However, her ability to maintain her income was uncertain, and her assets were limited. While the record supports the decision to reduce support by $500, it does not dictate termination. The decision of the trial court was a proper exercise of discretion. Accordingly, we affirm.

Affirmed.