COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Powell and Senior Judge Clements

VINCENT M. AMBERLY

                                                  MEMORANDUM OPINION[*]
v.        Record No. 1783-09-4                          PER CURIAM
                                                     FEBRUARY 2, 2010
JUDITH N. AMBERLY


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Gaylord Finch, Judge

(Vincent M. Amberly, *pro se*, on briefs).

(Aaron J. Christoff; The Lewis Law Firm, on brief), for appellee.


Vincent M. Amberly, husband, appeals an order denying his motion to reduce or terminate

his monthly spousal support obligation.  Husband argues the trial court erred by:  (1) failing to find a

material change in circumstances where the evidence showed he had lost his job and was

involuntarily unemployed; (2) not comparing the parties' changed financial circumstances; and

(3) awarding Judith N. Amberly, wife, attorney's fees.  Upon reviewing the record and briefs of the

parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.  We also remand the case to the trial court for a

reasonable award of attorney's fees to wife.

Background

In the final divorce decree, entered on June 13, 2008, the trial court ordered husband to

pay wife a spousal support award of $2,200 per month for a period of fifteen years.  At that time,

husband's annual salary was approximately $100,000.  Husband testified that in January 2009,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

he first learned that he might be terminated from his job as an attorney working in patent and trademark litigation at a law firm. Husband continued to work at the law firm until March 15, 2009. On cross-examination, husband testified that prior to leaving the firm, he had discussions with the sole shareholder of the firm about possibly continuing to work there on a contingency basis at a reduced salary.

Husband testified that, subsequent to March 15, 2009, he had looked for employment, but was unable to find a job, so he started his own legal practice. Husband stated that after taking into account the costs of his expenses, he earned approximately $1,300 per month in the three and one-half months prior to the hearing.

Husband filed a motion to reduce or terminate his spousal support obligation. By order entered on July 8, 2009, the trial court denied husband's motion. By order entered on August 24, 2009, the trial court ordered husband to pay wife $10,000 as an award of reasonable attorney's fees incurred by her in defending husband's motion. Husband appealed the trial court's decision to this Court.

Analysis

"Upon [the] petition of either party the court may increase, decrease, or terminate the amount or duration of any spousal support and maintenance [award] . . . as the circumstances may make proper." Code § 20-109.

Husband argues that the trial court erred by not reducing or terminating his spousal support obligation. He asserts that his layoff from the law firm was a material change in circumstances warranting a modification in spousal support.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The material

change 'must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay.'" Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (*en banc*) (quoting Hollowell v. Hollowell, 6 Va. App. 417, 419, 369 S.E.2d 451, 452 (1988)).

"The determination whether a spouse is entitled to [a modification of spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

Husband presented only his own testimony in support of his assertion that he was "involuntarily unemployed." In addition, in February 2009, the month husband initially filed the motion to reduce or terminate the spousal support award and while he was still employed, husband paid wife approximately one-half of his court-ordered monthly spousal support obligation. Between the time of that partial payment and the June 25, 2009 court hearing, husband made no spousal support payments, although he remained employed full-time until March 15, 2009.

In making its ruling, the trial court noted that husband filed the motion to reduce spousal support while he was still employed full-time at the law firm and only about one year from the date of the final hearing in the divorce case. In addition, the trial court specifically found husband's testimony was "at the best, evasive; at the worst, untruthful." The trial court also stated that husband "produced little if anything in the way of substance . . . ." Furthermore, the court noted that the evidence appeared to show that husband could have remained employed at the law firm at a reduced salary. The trial court found no material change in circumstances had taken place since the last spousal support award and the change that had occurred "was the fault of [husband], who [wa]s seeking the modification." The trial court also found "there was not a full and fair disclosure of [husband's] ability to pay [spousal support]."

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The trial court did not beleive husband's testimony regarding his income and financial circumstances. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street, 25 Va. App. at 387, 488 S.E.2d at 668. Consistent with the principle that an appellate court does not substitute its judgment for that of the trial court, we are bound by the credibility and weight determinations made by the trier of fact and its decision to accept or reject a witness' testimony. Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). We find no error in the trial court's credibility determination. The trial court was not persuaded by husband's evidence and provided a reasoned explanation for its ruling. The evidence supports the court's decision.

Husband next argues the trial court erred by not comparing the changed financial circumstances of both parties, asserting that wife's financial situation had improved since the entry of the final divorce decree whereas his financial circumstances had worsened.

At the hearing, wife testified that since the entry of the final divorce decree, her income and employment benefits had increased. Wife also presented evidence that she still has a negative balance for her monthly income and expenses at the end of each month. In addition, wife has paid husband $100,000 as required by the final divorce decree, whereas husband has not met all of his financial obligations pursuant to the final divorce decree.

Not every material change of circumstance justifies a modification of spousal support. See Blackburn v. Michael, 30 Va. App. 95, 103, 515 S.E.2d 780, 784 (1999). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without

evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

The facts and circumstances of this case supported the trial court's decision.

Husband contends the trial court abused its discretion by awarding wife attorney's fees in the amount of $10,000. He argues that his monthly income was insufficient to meet the support award, much less to pay the attorney's fees award.

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)).

Wife incurred approximately $34,841.66 in attorney's fees to defend husband's motion. Although husband claims that he is unable to afford the attorney's fees award, he offered little documentary proof of his financial situation and was "evasive" about his situation. Wife had to incur substantial fees to prepare for the case because husband was not forthcoming. Therefore, the trial court did not abuse its discretion in awarding attorney's fees.

Both parties request an award of attorney's fees and costs they incurred in connection with this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Husband has incurred no attorney's fees because he appeared before this Court *pro se*. His request is denied. Furthermore, having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

For the foregoing reasons, we affirm the decision of the trial court, and we remand to the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

Affirmed and remanded.