COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Alston
Argued at Alexandria, Virginia


WILLIAM NOEL BLAIR

                                                  MEMORANDUM OPINION[*] BY
v.        Record No. 0864-10-4              JUDGE ELIZABETH A. McCLANAHAN
                                                     JANUARY 11, 2011

KARIN LULLMAN BLAIR


                 FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Stanley P. Klein, Judge

            Adam T. Kronfeld (The Duff Law Firm, on brief), for appellant.

            Dorothy M. Isaacs (Surovell Markle Isaacs & Levy PLC, on brief),
            for appellee.


        William Noel Blair (husband) appeals from an order of the trial court modifying his

spousal support obligation to Karin Lullman Blair (wife) under the parties' property settlement

agreement (PSA).  Husband argues the trial court should have further reduced his obligation by

the amount wife was receiving in social security benefits and assigns error to the trial court's

finding that wife's receipt of social security benefits was in reasonable contemplation of the

parties when they entered into their PSA.

                                    I.  BACKGROUND

        Husband and wife, married on October 17, 1971, entered into a PSA dated January 6,

2006, which was subsequently incorporated into their final divorce decree.  The PSA provided

wife would be paid a spousal support amount such that when added to her share of husband's

United States Navy Reserve (USNR) retirement annuity it would equal $3,750.  At the time they

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

entered into the PSA, husband was age 62 and wife was age 64. The spousal support amount

was not modifiable for three and a half years from the date of settlement of the sale of the marital

home, except for involuntary loss of husband's employment income.[1]  After settlement of the

marital home in April 2006, husband began paying wife $2,742 per month.[2]  In November 2008,

husband filed a motion to modify his spousal support obligation alleging that he had suffered an

involuntary loss of employment income, which, along with his wife's receipt of social security

benefits, justified an abatement of spousal support.

After a hearing on husband's motion, the trial court found husband did suffer an

involuntary loss of employment income.[3]  The trial court reduced husband's spousal support

---

[1] The spousal support obligation contained in the PSA states as follows:

> The parties agree that husband shall pay monthly spousal
> support to wife in an amount such that when added to wife's
> United States Navy reserve retirement annuity share, the aggregate
> amount shall equal $3,750.00.  Thus, the aforesaid aggregate
> amount shall include wife's share of husband's USNR retirement
> annuity.  Such amount shall be non-modifiable for 3½ years,
> except for an involuntary loss of husband's employment income.
> In the event of any dispute regarding modification of spousal
> support, all sources of income of each party shall be considered in
> such litigation. . . . With the exception of the first 3½ years from
> the date of the commencement of payment of the full amount of
> spousal support, the parties agree that the spousal support set forth
> herein shall be modifiable upon a substantial change of
> circumstances.

[2] At that time, wife was receiving $1,008 per month for her share of the USNR annuity.
Thus, when husband's monthly spousal support payment of $2,742 was added to wife's USNR
annuity share, the aggregate amount equaled $3,750.

[3] The trial court made this ruling from the bench after hearing testimony from husband's
physicians establishing that husband's hypertension and heart condition prevented him from
performing his present employment, which entailed 70 plus hour work weeks and considerable
stress, although husband could work at a lower stress job for 30 or 40 hours per week.  After
making the threshold determination that husband had suffered an involuntary loss of employment
income, the trial court ruled it could consider the petition for a modification and heard evidence
from the parties bearing on the issue of whether a substantial change of circumstances warranted
the requested modification.

obligation (the amount payable by husband over and above the USNR annuity share received by wife) to $1,951 per month.[4] The order stated:

> The court declines to consider the [wife's] social security benefits of $973.00 per month as when the parties considered the original duration of the spousal support payment of $3,750 per month minus the $1008 per month received by the [wife] for her share of [husband's] Navy Retirement Plan in their Agreement, it was anticipated that given the [wife's] age she would be eligible to receive social security during the term the spousal support of $3,750 would be in effect.[5]

Husband filed a motion to reconsider and argued the trial court failed to consider "all sources of income" as required by the language of the PSA and that there was no language in the PSA that would indicate social security benefits should not be included as income. Husband requested that the trial court further reduce the spousal obligation by $973, the amount wife was receiving in social security benefits. In response, the trial court sent a letter to both parties stating that contrary to husband's assertion, it did consider all sources of income and that the order presented to it was inaccurate in this regard. Specifically, the trial court stated "I did consider the [wife's] social security benefits but declined to further reduce the spousal support," not only because the receipt of social security was reasonably anticipated by the parties but because of the additional reasons set forth in the order outlining husband's decisions regarding appeal of his disability claim, his decision to forego seeking less stressful employment, and decision not to retire and receive his pension benefits. According to the trial court, "[i]t would have been inequitable, in my opinion, to have further reduced [husband's] support obligation in

---

[4] This amounted to a difference of $791 per month.

[5] In its order memorializing its findings, the trial court noted the significance of the 35-year duration of the marriage and explained that husband's failure to appeal his short term disability claim, his decision not to retire and draw a pension, not to apply for social security benefits, and not to seek less stressful employment should not inure to the detriment of the wife and should be construed against the husband.

light of his failure to timely prosecute his disability claim or seek new employment." The trial court denied the husband's motion to further reduce the spousal support and entered an order modifying the language in its previous order to provide as follows:

> The court declines to further modify the court ordered spousal support based upon the [wife's] social security benefits of $973 per month as when the parties considered the original duration of the spousal support payment of $3,750 per month minus the $1,008 per month received by the [wife] for her share of the [husband's] navy retirement plan in their agreement, it was anticipated that given the [wife's] age, she would be eligible to receive social security during the term the spousal support of $3,750 would be in effect.

## II. ANALYSIS

On appeal, husband contends "[t]he trial court erred in finding that when the parties entered into their January 6, 2006, Separation and Property Settlement Agreement, they anticipated that given [wife's] age she would be eligible to receive social security during the term the original spousal support amount would be in effect."

Pursuant to Code § 20-109, upon the consideration of the factors set forth in subsection E of Code § 20-107.1,[6] the trial court may modify the amount or duration of any spousal support award upon finding that "there has been a material change in the circumstances of the parties, not reasonably in the contemplation of the parties when the award was made." Code § 20-109(B). "The determination whether a spouse is entitled to [a modification of spousal] support, and if so how much, is a matter within the discretion of the [trial] court and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).

---

[6] The trial court's order states that the court considered "all of the factors in § 20-107.1," and husband does not contend otherwise.

Husband argues there is no language in the PSA addressing the parties' intention or understanding regarding future receipt of social security payments and "there was no witness testimony or documentary evidence presented to the trial court concerning either party's intention or anticipation at the time of their [PSA]." But as the moving party, it was husband's burden to prove that "there has been a material change in the circumstances of the parties, not reasonably in the contemplation of the parties when the award was made," Code § 20-109(B). Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). Husband did not present any evidence on whether wife's receipt of social security payments was reasonably contemplated by the parties when they entered into the PSA. When questioned by the trial court regarding whether wife could have reasonably anticipated she would be receiving social security benefits given her age of 64 when the parties signed the PSA, husband's counsel agreed, "One would expect that." As such, we cannot conclude it was unreasonable for the trial court to find that given wife's age, it was anticipated she would be eligible to receive social security benefits during the term the original spousal support would be in effect.[7]

Finally, wife requested an award of costs and attorneys' fees incident to the appeal. We deny wife's request, finding that neither party's position on the issues is unreasonable given the circumstances of the case. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Affirmed.

---

[7] Husband also relies on the provision in the PSA requiring that "all sources of income of each party shall be considered." But as the trial court explained when it modified the order regarding spousal support, it did consider all sources of income of each party specifically including the wife's social security income. By its plain and unambiguous language, this is all the PSA required the trial court to do. See Plunkett v. Plunkett, 271 Va. 162, 167, 624 S.E.2d 39, 42 (2006) ("Where the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." (citations and internal quotation marks omitted)).