**Alexandria**

FRANCES H. TAYLOR

v.

NORMAN R. TAYLOR

No. 1231-91-4

Decided June 9, 1992

Counsel

David L. Duff (David L. Duff, P.C., on brief), for appellant.

Betsy M. Herbst (Costello & Hubacher, on brief), for appellee.

Opinion

**WILLIS, J.**—This appeal raises four issues. (1) Does the doctrine of laches operate to bar the collection of arrearages under a properly registered foreign support order? (2) Does the statute of limi-

tations on the collection of money judgments bar any portion of the appellant's claim for support arrearages? (3) Did the trial court abuse its discretion in denying an increase in spousal support and in terminating the appellant's right to future support? (4) Did the trial court err in denying the appellant an award of attorney's fees? We modify and affirm the judgment of the trial court.

The parties were married on December 15, 1946. They separated in July, 1963, and were divorced March 11, 1974, in the Circuit Court of Fairfax County. The three children born of the marriage are all of age. On May 27, 1968, the District of Columbia Court of General Sessions, Domestic Relations Branch, ordered Norman Taylor to pay to Frances H. Taylor a unitary sum of $110 per month for spousal and child support. Mr. Taylor paid that support until July 1, 1972, but then ceased payment.

Mr. Taylor was granted the divorce. Service of process was obtained on Mrs. Taylor by order of publication. She did not appear in the divorce proceedings. Thus, the divorce court did not have *in personam* jurisdiction over her.

In 1976, pursuant to a URESA petition, the Fairfax County Juvenile and Domestic Relations Court awarded Mrs. Taylor $660 in support arrearages. Mr. Taylor paid this amount, but has made no payment since. The records of the URESA proceeding have been destroyed.

In 1990, Mrs. Taylor filed in the trial court a petition seeking registration of the May 27, 1968 support order pursuant to Code § 20-88.30:5. She also petitioned for an increase in spousal support and filed a motion for judgment in the amount of $24,420 based upon a claimed arrearage under the May 27, 1968 order. Mr. Taylor filed a petition to vacate the registration of the May 27, 1968 support order and another petition seeking a decrease in spousal support.

The trial court denied Mr. Taylor's motion to vacate the registration of the May 27, 1968 order. It denied Mrs. Taylor's motion for judgment for support arrearages. It denied Mrs. Taylor's "motion" for "an order of ongoing support and for an increase in that support." It granted Mr. Taylor's "motion" to "decrease and/or dismiss support" and terminated "any obligation of spousal sup-

port." It denied the motions of both Mr. and Mrs. Taylor for attorney's fees and costs.

The trial court ruled that the URESA judgment of the Fairfax County Juvenile and Domestic Relations Court, entered April 19, 1976, was res judicata between the parties and determined their rights as of that date. That ruling is not on appeal. Thus, this appeal concerns the rights of the parties under the May 27, 1968 support order subsequent to April 19, 1976, and their ongoing rights and responsibilities with respect to each other.

## I. LACHES

The trial court ruled that Mrs. Taylor's claim for support arrearages was barred by the doctrine of laches. Mrs. Taylor contends that the trial court erred in applying District of Columbia law, which permits the interposition of laches as a defense to a support arrearage, rather than Virginia law, which does not. Upon review, we conclude that the trial court ruled properly.

 In Virginia, laches may not be interposed as a defense to a support arrearage.

> Laches is an equitable defense, but "even a court of equity, in an effort to do equity, cannot disregard the provisions of a lawful decree. . . ."

*Richardson v. Moore*, 217 Va. 422, 423-24, 229 S.E.2d 864, 866 (1976) (quoting *Fearon v. Fearon*, 207 Va. 927, 931, 154 S.E.2d 165, 168 (1967)).

> [I]n the absence of statute, payments exacted by the original decree of divorce become vested as they accrue and the court is without authority to make any change as to the past due installments.

*Id.* at 424, 229 S.E.2d at 866 (quoting *Cofer v. Cofer*, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965)).

> [I]t is the obligation of [the obligated party] to pay the specified amounts according to the terms of the decree and . . . he should not be permitted to vary these terms to suit his convenience. [If conditions change] . . . his remedy is to apply to the court for . . . relief.

*Id.* at 424, 229 S.E.2d at 866 (quoting *Newton v. Newton*, 202 Va. 515, 519, 118 S.E.2d 656, 659 (1961)). The rule applies to awards of spousal support or to unitary awards for spousal and independent child support. *Id.*

On the other hand, the District of Columbia permits the modification of past due support obligations, based upon circumstances arising after those obligations become due. Thus, laches is available in the District of Columbia as a defense against the collection of support arrearages. *See Padgett v. Padgett*, 472 A.2d 849, *aff'd in part, vacated in part*, 478 A.2d 1098 (D.C. 1984).

We first consider whether this issue is to be determined by the law of Virginia or the law of the District of Columbia.

Upon registration, the registered foreign support order shall be treated in the same manner as a support order issued by a court of this Commonwealth. It has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a support order of the Commonwealth and may be enforced and satisfied in like manner.

Code § 20-88.30:6. Thus, Mrs. Taylor argues, the May 27, 1968 District of Columbia support order, once registered in Virginia pursuant to Code § 20-88.30:5, could be subject only to defenses permitted under Virginia law, and the trial court erred in asserting laches as a bar to her claim. We find that this case is controlled by *Scott v. Sylvester*, 225 Va. 304, 302 S.E.2d 30, *cert. denied*, 464 U.S. 961 (1983).

In *Scott*, the former wife, pursuant to Code § 20-88.30:5, registered in Virginia a Maryland divorce decree requiring her former husband to make child support payments. In her suit for an arrearage under that decree, the husband claimed credits for payments made directly to the wife, to or for the children, and in connection with periods during which the children were in his custody. Noting that those offsets were not allowable under Virginia law, the Supreme Court said:

Under Virginia law, a court lacks authority to relieve a delinquent spouse of the obligation to pay accrued installments of child support. The reasoning underlying this rule is that each installment becomes a vested property right the moment it

falls due and, as such, is immune from modification. Under Maryland law, however, "child support payments (like alimony) may be modified with respect to such payments as have accrued as well as those not yet due."

*Id.* at 307, 302 S.E.2d at 31 (citations omitted).

■ Noting the provisions of Code § 20-88.30:6(A), the court cited *Alig v. Alig*, 220 Va. 80, 255 S.E.2d 494 (1979), which held:

[i]n enforcing a foreign decree of alimony arrearages under the comity doctrine, due process requires that a court consider any questions of modification raised by either party which could have been presented to the courts of the state where the decree was originally entered.

*Id.* at 84-85, 255 S.E.2d at 497 (citations omitted). The court held:

The registration privilege of RURESA[1] extends to "any judgment, decree, or order of support . . . whether temporary or final, or subject to modification". Code § 20-88.13(14). Once the statutory requirements for registration are met, the foreign support order "shall be treated in the same manner as a support order issued by a [Virginia] court". Code § 20-88.30:6(a). This mandatory provision substantially parallels our language . . . where we applied the *discretionary* principle of comity. Since RURESA *compels* the enforcement in Virginia of a registered, though modifiable, foreign decree, it is all the more essential that the parties subject to its terms be accorded all the substantive rights regarding modification granted them in the issuing state.

We hold that due process requires no less.

*Scott*, 225 Va. at 308, 302 S.E.2d at 32.

■ The defense of laches is substantive. It recognizes the extinguishment of the claim through abandonment.

[Laches] is . . . permitted in equity to defeat an acknowledged right on the ground that it affords evidence that the

---

[1] The same interstate compact as URESA.

right has been abandoned.

*Valley Bank v. United States Fidelity & Guar. Co.*, 153 Va. 484, 496, 150 S.E. 403, 406 (1929) (citations omitted).

> Laches is such neglect or omission to do what one should do as warrants the presumption that he has abandoned his claim, and declines to assert his right.

*Shirley v. Van Every*, 159 Va. 762, 775, 167 S.E. 345, 350 (1933).

The trial court correctly held that the registration of the May 27, 1968 District of Columbia support order pursuant to Code § 20-88.30:5 established for enforcement in Virginia the respective rights of the parties under the system of law upon which that order was based, subject to defenses recognized by that system of law. Thus, the trial court properly considered the defense of laches.

For almost fifteen years, Mrs. Taylor failed to make a claim for support under the May 27, 1968 order. The trial court found that during that time Mr. Taylor was a military retiree, known by Mrs. Taylor to be living in Virginia, and that his whereabouts was ascertainable. The records in the District of Columbia, in Fairfax County, and in New Jersey relating to the URESA proceeding had been destroyed. Mr. Taylor had grown old and had retired. He had remarried and had assumed additional financial responsibilities. He relied to his detriment on the lack of prosecution of Mrs. Taylor's claim. Those determinations, which were supported by the evidence, support the trial court's decision to apply the doctrine of laches as a bar to Mrs. Taylor's claim.

## II. *THE STATUTE OF LIMITATIONS*

■ The trial court held that Mrs. Taylor's claim was barred both by the twelve-year District of Columbia statute of limitations and by the ten-year limitation provided by Code § 8.01-252 on the enforcement in Virginia of a claim based on a foreign judgment. This was error. Only one limitation could apply. The statute of limitations is procedural. It addresses not the viability of the claim itself, but its enforceability. Thus, the *lex fori*, the Virginia ten year statute, governed. However, the applicability of the statute of limitations is mooted by the trial court's invocation of the doctrine

of laches in bar of the entire claim, a ruling we uphold.

## III. *FUTURE SPOUSAL SUPPORT*

■ Mrs. Taylor next contends that the trial court erred in refusing to grant her an increase in spousal support and in terminating her right to future support. The determination of spousal support is a matter left to the sound discretion of the trial court and will not be disturbed on appeal unless it is clear that some injustice has been done. *Dukelow v. Dukelow*, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). We find no abuse of discretion.

The trial court based its denial of support on the testimony of the parties, their financial data, their respective ages, their employment situations, their ability to work, their current marital status, and their credibility.

■ Mrs. Taylor argues that in terminating her support, the trial court went beyond what Mr. Taylor sought in his petition to decrease spousal support. However, a court may grant appropriate relief even though it is not specifically requested. *See Johnson v. Buzzard Island Shooting Club, Inc.*, 232 Va. 32, 348 S.E.2d 220 (1986).

Citing *Bacon v. Bacon*, 3 Va. App. 484, 351 S.E.2d 37 (1986), Mrs. Taylor argues that the trial court erred in denying her a reservation of the right to seek support in the future. We agree. Prior to the proceedings in this case, Mrs. Taylor's right to spousal support had never been determined by a court exercising personal jurisdiction over her. *See Newport v. Newport*, 219 Va. 48, 245 S.E.2d 134 (1978). The trial court made no finding justifying the denial of a reservation of the right to seek support in the future.

The order in this case will be modified to provide that although no present or future support is ordered, the right is reserved to Mrs. Taylor to seek support in the future, upon a showing of justification.

## IV. *ATTORNEY'S FEES*

■ Finally, Mrs. Taylor contends that the trial court erred in denying her attorney's fees. She relies on *McKeel v. McKeel*, 185 Va. 108, 37 S.E.2d 746 (1946). In *McKeel*, the Virginia Supreme Court approved, but did not require, the recovery of attorney's

fees incurred by a wife in pursuing collection of spousal support arrearages. It is well settled that "an award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." *Graves v. Graves*, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). We find no abuse of discretion in the denial of attorney's fees in this case.

We affirm the judgment of the trial court as modified.

*Affirmed.*

Moon, J., and Elder, J., concurred.