COURT OF APPEALS OF VIRGINIA

Present:  Judges Fitzpatrick, Overton and Senior Judge Hodges
Argued at Salem, Virginia


ALBERT K. BREEDING
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2238-95-3      JUDGE JOHANNA L. FITZPATRICK
                                         JULY 16, 1996
JANET D. BREEDING


            FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                   Charles H. Smith, Jr., Judge

          Robert Austin Vinyard (Vinyard & Moise, on
          brief), for appellant.

          David L. Scyphers (Johnson, Scyphers &
          Austin, P.C., on brief), for appellee.



     Albert K. Breeding (father) appeals the trial court's

decision ordering him to pay $30,500 in past due child support to

Janet D. Breeding (mother).  He argues that the trial court erred

in:  (1) denying his motion for rehearing when he did not receive

notice of the hearing, and (2) determining the arrearage amount

to be $30,500.  For the following reasons, we affirm the denial

of rehearing, but reverse and remand for recalculation of the

arrearage amount in accordance with this opinion.

     The parties were married on May 31, 1969 and had two

children, Matthew Ryan and Nathan Tyler.[1]  They separated on

April 15, 1985 and entered into a separation agreement on April

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]The record in this case consists of a written statement of
facts pursuant to Rule 5A:8(c).

18, 1985.  Paragraph 5 of the agreement provided, in pertinent part, as follows:

> The Husband agrees to pay to the Wife for the support and maintenance of the two children, the sum of TWO HUNDRED ($200.00) DOLLARS per month. . . . When the Husband receives a raise in 1986, the amount of support shall be increased TWENTY FIVE ($25.00) DOLLARS per month for each child, and each year thereafter, when the Husband receives a raise, the amount of support shall be increased per child to an amount which is agreeable between the Husband and Wife, said amount not to be less than TWENTY FIVE ($25.00) DOLLARS per child per month.

The amended final decree of divorce entered on February 9, 1988 ordered father to pay child support of $300 per month "pursuant to the terms of the agreement dated April 18, 1985, with yearly increases as set forth in said agreement."

In July 1992, mother filed a show cause petition in the juvenile and domestic relations district court, alleging a child support arrearage of $1,450.  In a July 30, 1992 order, the court set an arrearage of $1,450 through July 1992 and determined that father owed $143 for medical bills.  The court ordered father to continue paying $300 per month in child support, plus $100 per month towards the arrearage.  This order was not appealed by either party.

On October 17, 1994, mother filed for an increase in child support in the juvenile and domestic relations district court, and on October 28, 1994, she filed a show cause petition in the same court, alleging a child support arrearage of $525 since the

July 30, 1992 order. At a hearing held December 20, 1994, the juvenile and domestic relations district court judge: (1) determined an arrearage of $765 through December 1994; (2) increased father's child support obligation to $472 per month; and (3) ordered father to pay the arrearage within three months. On December 28, 1994, mother appealed the December 20, 1994 order to the circuit court.

Father failed to appear at the hearing scheduled for July 31, 1995, and the hearing was rescheduled for August 15, 1995. Father also failed to appear at the August 15, 1995 hearing. In an August 28, 1995 order, the trial court found that father had notice of the August 15, 1995 hearing. The court also found as follows:

> [T]he Court doth find that the parties agreed that the child support would increase each year when the defendant, Albert K. Breeding, received a pay raise, but in any event, no less than $25.00 per month per child. The Court finds that Albert K. Breeding did receive pay raises each year, and therefore that provision was applicable. Therefore, child support did increase by that amount each year since 1986, pursuant to the parties' agreement.

The court determined that an arrearage of $30,500 had accrued since 1986 and increased father's child support obligation to $472 per month.

Father filed a motion for rehearing on September 14, 1995, alleging that he had no notice of the August 15, 1995 hearing. The trial court denied father's motion for rehearing on September

3

25, 1995. Father objected to the trial court's denial of his request for a rehearing, arguing that the court's award of past due child support arising before July 30, 1992 was barred by res judicata.

## DENIAL OF MOTION FOR REHEARING

Father argues that the trial court erred in denying his motion for rehearing because he had no notice of the August 15, 1995 hearing.

"The decision whether to grant or deny a rehearing is within the trial court's sound judicial discretion." Hughes v. Gentry, 18 Va. App. 318, 326, 443 S.E.2d 448, 453 (1994). In this case, the trial court specifically found that father had notice of the August 15, 1995 hearing and resolved any conflict in the testimony against father. Under these circumstances, we cannot say that the trial court abused its discretion in denying father's motion for rehearing.

## DETERMINATION OF CHILD SUPPORT ARREARAGE

Father asserts that the trial court erroneously considered any possible arrearage arising before July 30, 1992 in ordering him to pay $30,500 in past due child support. He argues that, because mother did not appeal the July 30, 1992 juvenile court order determining child support arrearage as of that date, any consideration of arrearage arising before that date is barred by res judicata. We agree.

Mother contends that father waived the defense of res

4

judicata by failing to raise it before the trial court. We recognize that the defense of res judicata is "an affirmative one and if not asserted below is deemed to have been waived." Ward v. Charlton, 177 Va. 101, 114, 12 S.E.2d 791, 795 (1941). See also Rule 5A:18. However, under the Rule 5A:18 "ends of justice" exception, this Court may consider the merits of a procedurally defaulted issue "'when the record affirmatively shows [clear error or] that a miscarriage of justice has occurred.'" Tart v. Commonwealth, 17 Va. App. 384, 391, 437 S.E.2d 219, 223 (1993) (quoting Reed v. Commonwealth, 6 Va. App. 65, 70, 366 S.E.2d 274, 277 (1988)). Because the record in this case shows clear error by the trial court, we address the merits of father's argument.

"Principles of res judicata preclude the court from relitigating an issue that has been previously decided, even though the earlier decision arguably may have been erroneous." Hiner v. Hadeed, 15 Va. App. 575, 580, 425 S.E.2d 811, 814 (1993). "'A person seeking to assert res judicata as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made.'" Gottlieb v. Gottlieb, 19 Va. App. 77, 81, 448 S.E.2d 666, 669 (1994) (quoting Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 789 (1989)).

In the instant case, the August 28, 1995 order attempted to resolve the amount of child support arrearage arising before July

5

30, 1992.  However, the amount of child support arrearage arising prior to July 30, 1992 was already litigated and established by the July 30, 1992 order.  Neither party appealed that determination, and it became a final judgment.  Thus, relitigation of a different amount of child support arrearage accruing before July 30, 1992 was clearly barred by res judicata, and the trial court erred in recalculating father's obligation for that time period.

Additionally, father argues that, at the most recent hearing covering the time period after 1992, mother alleged an arrearage of $525 and that his only notice was for an arrearage of that amount.  "However, a court may grant appropriate relief even though it is not specifically requested."  Taylor v. Taylor, 14 Va. App. 642, 649, 418 S.E.2d 900, 904 (1992).

The issue of father's request for a new hearing is rendered moot by the necessity to reverse the trial court's determination of the amount of child support arrearage and remand for a consideration of any arrearage arising after July 30, 1992.

Affirmed in part, reversed in part, and remanded.

6