COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Cole
Argued at Richmond, Virginia


JANICE MARIE RODGERS

v.    Record No. 0908-98-2

BRADLEY MORELAND RODGERS, M.D.
                                    MEMORANDUM OPINION* BY
and                                 JUDGE JAMES W. BENTON, JR.
                                         JULY 6, 1999
BRADLEY MORELAND RODGERS, M.D.

v.    Record No. 0949-98-2

JANICE MARIE RODGERS


            FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                   Paul M. Peatross, Jr., Judge

          Mark A. Barondess (Mark B. Sandground;
          Brian D. West; Erika B. Schiller; Sandground,
          Barondess, West & New, P.C., on briefs), for
          Janice Marie Rodgers.

          Bruce R. Williamson, Jr. (David J. Toscano;
          Williamson & Toscano, on brief), for Bradley
          Moreland Rodgers, M.D.


     These appeals arise from a judgment reducing the amount of

spousal support that Bradley Moreland Rodgers is required to pay

to his former wife, Janice Marie Rodgers.  Both parties, whom we

designate husband and wife, appeal from the judgment.  For the

reasons that follow, we affirm the judgment.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

I.

The parties were divorced by a final decree of divorce in 1996. The decree recognized that the parties had agreed to the division of some marital assets, and the decree essentially divided the remaining marital assets equally between the parties. The decree also ordered the husband to pay spousal support of $5,700 per month.

On October 8, 1997, husband filed a motion to modify spousal support. In the motion, the husband alleged that the wife (1) was operating a business and receiving income from the business, constituting a material change in circumstances and (2) had "already attained the age of 59 1/2 years and . . . is eligible to draw income or principal from her substantial retirement accounts received in the divorce proceedings . . . without penalty." At the hearing on the motion, the parties agreed that the essential facts were not in dispute, and they proffered exhibits and stipulated various facts. In pertinent part, the evidence established that in 1997 the wife's IRA account earned $143,000. The wife voluntarily took a distribution of $80,000 from the earnings on her IRA. That distribution was taxed to her as ordinary income.

Following the hearing, the trial judge found, among other things, the following:

> 1. That the wife had attained the age of 60 and is eligible to withdraw funds from her IRA, to be taxed as ordinary income and without penalty;

-

2.   That the husband's retirement account was divided evenly between the parties pursuant to the decree of divorce and that the wife deposited her share, totaling $401,000.00 into an IRA in early 1997;

3.   That by the end of 1997, the wife's IRA had increased without further contributions to a value of $544,000.

Based on these findings and the evidence, the trial judge ruled

as follows:

Because [the wife] . . . has gained the ability to withdraw funds from her individual retirement account without penalty, she has earned passive income which the court may properly consider in addressing whether circumstances warrant a reduction in the amount of the payments to which she is entitled.

The Court received into evidence . . . a monthly income and expense statement of [the wife] . . . show[ing] that she had total money expenses of $6,144.00 and a net income of $3,744.00.  Her principal gross income was the $5,700.00 paid to her by [the husband].

The Court finds that the income [of $143,000] earned on [the wife's] individual retirement account . . . should be considered in considering the amount of support owed by [the husband].  The Court finds that she could reasonably be expected to withdraw half of the amount earned, or $71,500.00.  Assuming a 30% tax bracket, she would have available $4,171.00 per month out of that original sum of $71,500.00.  Accordingly, the Court reduces the monthly obligation of [the husband] to pay spousal support from $5,700.00 per month to $2,492.00 per month.

-

## II.

In her appeal from the reduction in spousal support, the wife contends the trial judge erred by (1) relying upon the passive increase in value of her IRA, (2) requiring her to invade her retirement funds, and (3) considering for purposes of support income that she had not withdrawn from the account and assuming continued passive increases will occur to the account. The husband cross appeals and contends the trial judge erred in failing to consider all of the income earned by the wife's IRA and to eliminate all spousal support.

## III.

"Upon petition of either party the [trial judge] may . . . [modify] spousal support . . . as the circumstances may make proper."  Code § 20-109.  "The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support."  Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989).  "The determination whether a spouse is entitled to [a modification of spousal] support, and if so how much, is a matter within the discretion of the [trial judge] and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  See also Taylor v. Taylor, 14 Va. App. 642, 649, 418 S.E.2d 900, 904 (1992).

-

In Moreno v. Moreno, 24 Va. App. 190, 480 S.E.2d 792 (1997), we considered the issue whether income from pensions may be used when determining a request for modification of spousal support.  There, we ruled as follows:

> [W]e hold that the income received by husband from his share of the distribution of his pension is a fungible asset that may be considered as a resource when determining the amount of his spousal support obligation.  By the same token, the wife's [income from her] share of the pension is a resource of hers which must be considered in determining her need for support.

Id. at 204, 480 S.E.2d at 799.  See also McGuire v. McGuire, 10 Va. App. 248, 391 S.E.2d 344 (1990).  Obviously, income that is produced by an IRA, and is available to a party without penalty, to be used as ordinary income is no less a resource for determining spousal support than income from a pension.  See Moreno, 24 Va. App. at 204, 480 S.E.2d at 799 (noting that "all types of property" that generates income is "a permissible source" to consider when determining alimony payments).

The evidence proved that the wife had attained age sixty and was eligible to draw without penalty the earnings of her IRA.  The evidence further proved that during 1997 the wife's IRA earned in excess of $143,000 and that she withdrew $80,000, which was treated as ordinary income.  We hold that the trial judge did not err in considering those earnings as an income resource in determining her need for support.  The trial judge's ruling did not require the wife to invade the principal fund and

-

did not consider the entire earnings of the account to be a resource that the wife was required to exhaust.

We further hold that the trial judge did not abuse his discretion in refusing to attribute to the wife as income the entire amount of the earnings.  In view of the proffers of the parties, the trial judge could properly consider the undrawn and reinvested portion of the earnings as a prudent hedge against future market variations that might effect the IRA's corpus.

Accordingly, we affirm the judgment.

                                        <u>Affirmed</u>.