COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


DAVID E. HAUGHT
                                          MEMORANDUM OPINION*
v.    Record No. 2221-00-2                    PER CURIAM
                                            MARCH 6, 2001
MARY E. HAUGHT


             FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Michael C. Allen, Judge

             (Charles E. Powers; Christine M. Schiller;
             Barnes & Batzli, P.C., on brief), for
             appellant.

             (William D. Hamner; Lane & Hamner, P.C., on
             brief), for appellee.


     David E. Haught (husband) appeals the decision of the circuit

court finding that the court's previous order of June 22, 1994 is

unambiguous.  On appeal, husband contends that the circuit court

erred in finding the order unambiguous because the order, by

referring to the parties' original separation agreement, included

both an obligation of a specified amount and an obligation based

upon a percentage of husband's income.  Husband asks us to reverse

the circuit court's decree finding the June 22, 1994 order

unambiguous.  Upon reviewing the record and briefs of the parties,

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  <u>See</u> Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  <u>See</u> <u>McGuire v. McGuire</u>, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

On March 13, 1986, husband and Mary E. Haught (wife) were divorced by a final decree which incorporated their written separation agreement dated January 28, 1985.  On June 22, 1994, the trial court entered an order modifying the final decree and ordering husband to pay to wife $2,250 per month as spousal support.  On May 31, 2000, wife filed a Motion to Reopen and Petition for Show Cause, asserting that husband was $86,171.24 in arrears in his support payments.  After the parties presented arguments to the trial court about the interpretation of the 1994 order, the court entered a decree on August 17, 2000 finding that the 1994 order was unambiguous and that husband was in arrears and was required to continue to pay support to wife in the amount of $2,250 per month.

### Analysis

The parties' separation agreement, incorporated into the final divorce decree, states:  "For the support and maintenance of Wife the Husband agrees to pay to her in equal monthly installments the equivalent of one-third of his gross salary,

-

pension or disability benefits." Husband and wife jointly petitioned the circuit court in 1994 to enter a modification decree. That decree states that in consideration of the joint petition "requesting the entry of a consent decree modifying the spousal support provision to be one-third (1/3) of the Plaintiff's current salary . . . it is ORDERED, ADJUDGED and DECREED that the Plaintiff, David E. Haught, shall pay to Defendant, Mary E. Haught, the amount of $2,250.00/month as spousal support commencing April 1, 1994." Upon his retirement in 1995, husband began paying wife one third of his pension income rather than the $2,250 monthly amount ordered in the circuit court's 1994 decree. As a result of the shortages, wife filed a petition for show cause demanding the arrearages. Husband argues that the 1994 order required him to pay $2,250 per month until his retirement, at which point he would pay one third of his pension amount. The trial court ruled that the 1994 order was unambiguous and requires husband to continue paying $2,250 per month.

"[W]hen construing a lower court's order, a reviewing court should give deference to the interpretation adopted by the lower court." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999). Furthermore, "courts have the authority to interpret their own orders." Id. The trial court determined that its 1994 order unambiguously requires husband to pay the set amount of $2,250 per month. The order includes a

-

commencement date for the payments and does not make any provision for husband's retirement. The amount set is a fixed monthly sum to be paid, until modified by the court upon petition of either party. "[I]t is the obligation of [the obligated party] to pay the specified amounts according to the terms of the decree and . . . he should not be permitted to vary these terms to suit his convenience. [If conditions change] . . . his remedy is to apply to the court for . . . relief." Taylor v. Taylor, 14 Va. App. 642, 645, 418 S.E.2d 900, 902 (1992) (citations omitted). By unilaterally reducing the support payments upon his retirement, husband violated the clear language of the trial court's 1994 modification order. The court did not err in finding that the 1994 order is unambiguous and that husband failed to comply with the order.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-