COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Kelsey and Senior Judge Hodges


MICHAEL JOKICH

v.      Record No. 1203-03-4

MARILEE JONES

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2003


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

(J. Patrick McConnell; David M. Zangrilli, Jr.; Odin, Feldman &
Pittleman, P.C., on briefs), for appellant.

(Edward V. O'Connor, Jr., on brief), for appellee.


Michael Jokich (husband) appeals the decision of the circuit court awarding Marilee Jones (wife) a divorce and incorporating the parties' "Marital Agreement" (Agreement), resolving all issues of equitable distribution and spousal support. On appeal, husband contends the trial court erred by (1) finding wife's failure to secure employment since the execution of the Agreement did not constitute a material change of circumstances, (2) finding the reduction of wife's living expenses resulting from her relocation did not constitute a material change of circumstances, (3) finding the increase in the value of wife's assets since the date of the Agreement did not constitute a material change of circumstances, and (4) failing to find wife "is not in need of spousal support." Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

The parties married on September 28, 1986 and separated on September 18, 1998. On November 4, 1998, they executed the Agreement. Pursuant to the Agreement, husband agreed to pay wife $3,000 per month in spousal support. From 1992 until the parties' separation, wife did not work outside the home. The Agreement contains no provision requiring wife to secure employment. Wife testified that since 1998 she has pursued a career as a personal life coach. Over the eight months preceding the hearing, she earned only $890. Wife was diagnosed with breast cancer in 1992, underwent treatment, and suffered a radiation burn to her left shoulder. As a result of the burn she has decreased sensation and low mobility in her dominant hand. She receives disability payments under a private disability policy.

In June 2002, wife sold her house in Reston, Virginia and moved to Danville, Kentucky, where she rents an apartment. She placed the proceeds from the sale of the house in a money market account. She testified she planned to use the proceeds to purchase a home in Kentucky. Dr. Douglas M. Brown testified for husband as an expert in the field of economics. Brown explained the cost of living in Danville, Kentucky is approximately thirty-seven percent less than it is in northern Virginia. However, wife presented evidence demonstrating her living expenses in Kentucky were comparable to her living expenses in Virginia.

Wife's stock in American State Financial Corporation was worth $485,656 in 1998. Wife testified she currently owns 10,040 shares of stock in the corporation, with a value of $806,400. The trial court found that wife's stock, while doing well, "performed as it has historically

performed" and that husband's "assets have done well also . . . grow[ing] roughly at the same percentage as hers."

The parties' Agreement included a provision that either party could seek a court order modifying support on a showing of a substantial change in circumstances.

Analysis

I. – IV.

"The moving party in a petition for modification of support is required to prove both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989). "The determination whether a spouse is entitled to [a modification of spousal] support, and if so how much, is a matter within the discretion of the [trial judge] and will not be disturbed on appeal unless it is clear that some injustice has been done." Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986). See also Taylor v. Taylor, 14 Va. App. 642, 649, 418 S.E.2d 900, 904 (1992).

Husband presented evidence regarding wife's earning capacity and asked the court to impute income to her, arguing she is voluntarily unemployed. However, as the court noted, wife was not employed at the time the parties executed the Agreement and the contract includes no requirement for wife to seek employment. The court found wife's "earning capacity in her situation is pretty much the same as it was in 1998[, t]he only difference is that she's moved to Kentucky in the meantime." The court did not err in concluding that wife's employment status did not represent a change in circumstances.

Similarly, the difference between the cost of living in Kentucky and northern Virginia did not represent a material change in circumstances. As the trial court noted, wife's housing costs are speculative because she was renting an apartment at the time of the hearing and looking for a

house to purchase. The court found "there is housing stock that is the same" as the type of housing she sold in Virginia. Wife presented evidence demonstrating her living expenses in Kentucky were comparable to her living expenses in Virginia. The record supports the trial court's conclusion that the difference in living expenses did not represent a material change in circumstances.

The parties' Agreement includes a provision that in any action for modification of spousal support, "the value of the Wife's assets . . . and the growth thereof shall be included as a basis for computing income to the Wife." The court found that although wife's assets performed well, they performed as they had historically performed. Additionally, husband's assets increased at a comparable rate.

On this evidence the trial court found that husband had not demonstrated a material change in circumstances justifying a modification of spousal support. We cannot say the trial court abused its discretion.

Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

Affirmed.