FRANK, Judge.
Edward W. Adcock, appellant, appeals an order entered July 8, 2009, denying his statute of limitations defense and awarding a judgment in favor of Mildred A. Houchens, appellee,[1] in the amount of $73,629.10[2] principal and interest. On appeal, Adcock contends the trial court erred in ruling the statute of limitations did not bar the recovery of past due child *336 support payments nor accrued interest. For the reasons stated, we affirm the trial court.

BACKGROUND

The facts relevant to this analysis are uncontested. The parties were divorced by decree of the Corporation Court of the City of Alexandria on October 20, 1966. In that decree, appellant was ordered to pay $30 per week child support for three minor children. Child support would continue “until all such children attain their majorities or became otherwise emancipated or further decree of this court.” Appellant’s child support obligation terminated on June 24,1982, when the youngest child attained his majority.
On June 14, 2006, appellee applied for the services of the Division of Child Support Enforcement (hereafter DCSE) to enforce the October 20, 1966 child support order. DCSE, by motion filed July 7, 2008, moved the circuit court to establish arrearage and interest for unpaid child support.
Appellant filed a motion for summary judgment on February 20, 2009, arguing the statute of limitations barred recovery. After hearing evidence and argument, the trial court denied appellant’s motion for summary judgment and entered judgment against appellant for $73,629.10, finding the twenty-year statute of limitations did not bar enforcement of the 1966 child support order.
This appeal follows.

ANALYSIS

Appellant contends the twenty-year statute of limitations set forth in Code § 8.01-251[3] bars appellee’s enforcement of *337 the 1966 child support order. Appellee argues the twenty-year limitation only applies to a liquidated money judgment, not, as here, to an unliquidated ongoing support obligation.[4]
Appellant notes that Code § 16.1-278.15(c) provides:
In any determination of support obligation under this section, the support obligation as it becomes due and unpaid creates a judgment by operation of law. Such judgment becomes a lien against real estate only when docketed in the county or city where such real estate is located. Nothing herein shall be construed to alter or amend the process of attachment of any lien on personal property.
Appellant therefore concludes that because the child support order is a judgment, the twenty-year statute of limitations of Code § 8.01-251(A) bars enforcement of the 1966 child support order. He contends the twenty-year period began to run on June 24, 1982, when his youngest child reached the age of majority and his child support obligation ended.
“In determining whether the trial court made an error of law, *we review the trial court’s statutory interpretations and legal conclusions de novo.’ ” Rollins v. Commonwealth, 37 Va.App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting Timbers v. Commonwealth, 28 Va.App. 187, 193, 503 S.E.2d 233, 236 (1998)).
Our inquiry, then, is whether the twenty-year statute of limitations of Code § 8.01-251(A) applies to an unliquidated, ongoing child support order, such as we have here, or if the statute is limited to a liquidated money judgment. Appellant contends there is no distinction for the purpose of Code § 8.01-251(A).[5]
*338 Appellee argues Bennett v. Commonwealth, Dep’t of Social Services, 15 Va.App. 135, 422 S.E.2d 458 (1992), controls. We agree.
In Bennett, we held the limitations under Code § 8.01-252[6] did not apply to the enforcement of a New Jersey spousal support order under Code § 20-88.20 of the Uniform Reciprocal Enforcement of Support Act (URESA).[7] 15 Va.App. at 147, 422 S.E.2d at 465. The New Jersey order was an ongoing, unliquidated support obligation. Id.
We noted the distinction between “support orders that adjudicate an ongoing, unliquidated spousal support obligation and those that adjudicate a sum certain or liquidated amount due and owing for spousal support.” Id. at 140, 422 S.E.2d at 461. We further noted the distinction between a “support order,” a “judgment,” and a “money judgment” in a statute of limitations context. Id. at 142, 422 S.E.2d at 462. We concluded that the statute of limitations in Code § 8.01-252 (now § 8.01-251) applies only to a “judgment for a sum certain or liquidated amount for spousal support rendered in another state.” Id. If, however, the ongoing unliquidated foreign support order was reduced to a liquidated amount in Virginia, *339 then the statute of limitations in Code § 8.01-251 would govern. Id. at 147, 422 S.E.2d at 465.
Bennett made it abundantly clear that “no time limitation is placed upon the obligee spouse within which to obtain a judgment for accumulated arrearages.” Id. at 144, 422 S.E.2d at 463. In fact, we stated “an obligee spouse under a Virginia spousal support order may delay for years without limit before seeking a judgment for arrearages accumulated under that order.” Id.
Appellant argues the Bennett analysis, addressing the difference between an unliquidated support order and a liquidated money judgment, is dicta. We disagree. Rather, this distinction is essential to the central ratio decidendi of the opinion. See Deiter v. Commonwealth, 205 Va. 771, 775, 139 S.E.2d 788, 791 (1965) (noting that dicta is language that is “not responsive to the question presented and ... not necessary to a disposition of the case”). Indeed, without the distinction between unliquidated and liquidated support judgments, this Court could not decide the applicability of the statute of limitations. Therefore, it is not dicta.
Appellant further attacks Bennett, contending we misapplied Taylor v. Taylor, 14 Va.App. 642, 418 S.E.2d 900 (1992). Specifically, appellant points to language in Bennett that characterized the D.C. support order in the Taylor case as a “liquidated” support order. Taylor found that laches barred appellant’s claim for support arrearages. 14 Va.App. at 648, 418 S.E.2d at 903. After discussing whether the Code § 8.01-252 statute of limitations barred enforcement of the foreign support order, this Court in Taylor concluded that the applicability of the statute of limitations is “mooted by the trial court’s invocation of the doctrine of laches ... a ruling we uphold.” Id. at 648-49, 418 S.E.2d at 904. Clearly, any analysis of the applicability of Code § 8.01-252 in Taylor is pure dicta. Thus, it is irrelevant in the Bennett analysis whether the D.C. support order was liquidated or unliquidated. The Bennett analysis of the statute of limitations is not based on Taylor.
*340 We also disagree with appellant’s further efforts to distinguish Bennett. He posits that Bennett is based on New Jersey law, which provides that support payments do not vest and are subject to retroactive modification, unlike Virginia law. He also argues Bennett is limited to the enforcement of foreign judgments.
The fact that New Jersey law may not vest support payments is unrelated to the Bennett analysis. It has no bearing on whether the support order is liquidated or unliquidated. The fact that in New Jersey a support order or arrearage may be modified does not alter the Bennett analysis. Appellant’s argument is premised on the fact that the Bennett Court considered the New Jersey law on non-vesting. However, a review of Bennett refutes this premise. Bennett does not mention the New Jersey law of non-vesting. Thus, it could not have been a consideration in the Bennett analysis.
Further, Bennett has a much wider scope than appellant suggests. While the issue before us in Bennett was whether the ten-year statute of limitations (now twenty-year) of Code § 8.01-252 barred the enforcement in Virginia of a New Jersey support order under URESA, the analysis and decision have broader implications.
The discussion of the liquidated and unliquidated judgment, while in a URESA context, was not limited to a URESA proceeding. Bennett addressed the nature of Virginia spousal support orders. This Court acknowledged that the initial entry of a spousal support order “establishes the monetary amount of an ongoing support obligation. It is in that sense an order requiring the payment of money and is a judgment embraced within the provisions of Code § 8.01-426.” Bennett, 15 Va.App. at 141, 422 S.E.2d at 462.
However, we opined an ongoing support order “is not, and cannot be, a judgment for a sum certain or liquidated amount of money. Time and circumstances of the parties will determine ultimately the total amount to be paid under an initial, or subsequently modified, spousal support order.” Id. Thus, our analysis of the distinction between an ongoing, unliquidated *341 support order and a liquidated money judgment under Virginia law transcends a URESA proceeding.
Appellant contends a support judgment does not have to be reduced to a liquidated amount for enforcement procedures to be initiated. Appellant refers to DCSE’s collection of $6,507.57 in arrearage prior to the entry of the liquidated judgment.[8] Thus, reasons appellant, an ongoing unliquidated support order is enforceable upon entry of that order. We acknowledge that under Title 19, Child Support Enforcement, Code § 63.2-1900 et seq., DCSE can enforce support orders without having the amount due reduced to a sum certain. However, the statutory authority to do so does not alter the clear mandate of Bennett, as previously discussed, as it relates to the statute of limitations. Appellant’s argument addresses whether Bennett was decided correctly. While we believe it was, we are bound by that decision. See Clinchfield Coal Co. v. Reed, 40 Va.App. 69, 73, 577 S.E.2d 538, 540 (2003) (discussing that a “decision of one panel ‘becomes a predicate for application of the doctrine of stare decisis’ and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court” (citation omitted)).
While Bennett addresses spousal support, we see no principled reason why the analysis does not apply to child support. Rather, logic suggests that the analysis would apply to both.
Code § 8.01-458, creating a lien on real estate by a support order, makes no distinction between child and spousal support. Rather, it addresses the implications of “any judgment for money rendered in this Commonwealth by any state or federal court or by confession of judgment.” Code § 16.1-278.15 addresses child and spousal support together, and subsection (c), creating a judgment for due and unpaid support, encompasses both spousal and child support, drawing no distinction *342 between them. Code §§ 63.2-1900 through 63.2-1960 authorize the DCSE to enforce child support and spousal support under certain circumstances. Code §§ 20-88.32 through 20-88.82, the UIFSA, provides for the enforcement of both foreign child and spousal support orders. Under the Workers’ Compensation Act, Code § 65.2-531, compensation benefits are subject to spousal and child support claims. Thus, it is clear that both the legislature and this Court intended, for enforcement purposes, to equate child support with spousal support.
The dissent acknowledges that Bennett controls this case, but opines that the principles of Bennett “do not necessarily dictate the result reached by the majority.” The dissent then attempts to distinguish Bennett. However, the dissent’s effort to distinguish Bennett is based on two faulty premises.
The dissent contends first, that child support and spousal support orders lead to different statute of limitations analyses, and second, that emancipation of the child converts an unliquidated child support order to a fixed sum certain. The dissent attempts to distinguish Bennett primarily because it addresses an ongoing spousal support award and not child support that has terminated by operation of law. The dissent therefore concludes that while the ongoing award is unliquidated, the child support award becomes fixed and ascertainable when it terminates by operation of law.
The dissent attempts to differentiate spousal support and child support because “there is a significant fundamental difference” as to when spousal support and child support terminate by operation of law. The dissent contends that child support terminates when the child attains the age of majority. However, at some point, both child support and spousal support terminate and cease to be an “ongoing” award. Spousal support terminates by operation of law when either party dies or the obligee remarries. See Code § 20-109. Further, it is important to note that under certain circumstances, child support does not necessarily terminate upon the age of majority; for example, if the child is severely *343 and permanently mentally or physically disabled, or if the child is a full-time high school student and under the age of nineteen. See Code § 20-124.2(c).
Finally, the dissent concludes that emancipation automatically converts any child support arrearage from an unliquidated, ongoing order to a fixed and ascertainable sum certain. Thus, it concludes, the statute of limitations begins to run when the arrearage is fixed and ascertainable.
The dissent takes the Bennett language, “a judgment for a sum certain or liquidated amount” out of context. Bennett, in analyzing when the statute of limitations begins to run, clearly speaks of a liquidated judgment. We noted the distinction between “support orders that adjudicate an ongoing unliquidated spousal support obligation and those that adjudicate a sum certain or liquidated amount due and owing.” The dissent ignores this distinction.
We, therefore, reject the dissent’s equating “ascertainable” with “liquidated.” They are two distinct concepts. To “ascertain” is “to discover through examination or experimentation; find out” or “to make certain and definite.” The American Heritage Dictionary, New College Edition 76 (1982). A “sum certain” is defined as “any amount that is fixed, settled, or exact.” Black’s Law Dictionary 1573 (9th ed. 2009). The latter is the same as a liquidated amount.
We must, then, inquire how emancipation of a child instantly converts an undetermined amount of arrearage to a fixed amount, one that is exact, without further court intervention. The fact that child support is no longer “ongoing” does not “fix” the amount due. The dissent concludes that upon emancipation, any arrearage due is a “sum certain” because it can be readily computed. While the amount may be “readily computed,” it does not follow that the sum is fixed. The amount becomes a “sum certain” only when the trial court enters an order liquidating the obligation. The Bennett analysis, again, is premised on a fixed or liquidated judgment.
The dissent further maintains an ongoing support order cannot be liquidated because future payments are still owed. *344 To the contrary, courts routinely determine the amount of arrearage for ongoing support payments. Evidence is produced, and the court enters judgment for a sum certain. The amount of any award is always ascertainable, whether “ongoing” or not.
In summary, we conclude that the twenty-year statute of limitations in Code § 8.01-251 only applies to a liquidated money judgment. In this case, the child support order was ongoing, rather than a liquidated money judgment. Therefore, the statute of limitations provided in Code § 8.01-251 does not bar enforcement of the award.

CONCLUSION

The trial court properly ruled that the statute of limitations did not bar the recovery of past due child support payments and accrued interest. Finding no error, we therefore affirm the trial court.

Affirmed.

. Because the Division of Child Support Enforcement acts only as Houchens’ agent in these proceedings, Houchens and Division of Child Support Enforcement will be collectively referred to as appellee.

. Appellant does not contest the computation of the arrearage nor the accrued amount of interest.

. Code § 8.01-251(A) provides:
No execution shall be issued and no action brought on a judgment, including a judgment in favor of the Commonwealth and a judgment rendered in another state or country, after 20 years from the date of such judgment or domestication of such judgment, unless the period is extended as provided in this section.

. Since appellant does not argue that the equitable doctrine of laches bars the enforcement of the support order, we will not address that issue.

. Appellant contends a West Virginia case, Zanke v. Zanke, 185 W.Va. 1, 404 S.E.2d 92 (1991), supports his position. Indeed it does. However, since we find our decision in Bennett v. Commonwealth, Dep’t of Social Services, 15 Va.App. 135, 422 S.E.2d 458 (1992), controlling, and *338 inconsistent with the Zanke opinion, we do not afford any weight to Zanke.

. Code § 8.01-252, as enacted at the time oí Bennett, stated:
Every action upon a judgment rendered in another state or country shall be barred, if such action would there be barred by the laws of such state or country, and in no event shall an action be brought upon any such judgment rendered more than ten years before the commencement of the action was repealed (Acts 2005, cc. 139, 203) and re-enacted in § 8.01-251(A) with a 20-year limitation.

. In 1994, Virginia repealed Code §§ 20-88.12 to -88.31, the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), and enacted Code §§ 20-88.32 to -88.82, the Uniform Interstate Family Support Act (UIFSA). Both acts, as well as the original URESA, were intended to provide “a means to establish and enforce child support obligations and spousal support obligations across state lines.” John J. Sampson and Paul M. Kurtz, UIFSA: An Interstate Support Act for the 21st Century, 27 Family Law Quarterly 85, 86 (1993).

. While the record reveals that $6,507.57 was involuntarily collected from appellant by DCSE, the record does not indicate whether those sums collected were the result of withheld income pursuant to Code § 63.2-1924, seizure of real or personal property pursuant to Code § 63.2-1927, or any other enforcement provision under Title 19.1.