Present: Kinser, C.J., Lemons, Goodwyn, and Millette, JJ., and Carrico, Russell, and Koontz, S.JJ.

EDWARD W. ADCOCK

OPINION BY
v.    Record No. 101316        JUSTICE S. BERNARD GOODWYN
                               November 4, 2011

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF SOCIAL SERVICES,
DIVISION OF CHILD SUPPORT ENFORCEMENT,
EX REL. MILDRED HOUCHENS, ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the 20-year limitation on the enforcement of a judgment, stated in Code § 8.01-251(A), bars an attempt to collect child support arrearages created at least 24 years earlier when a spouse failed to make ongoing child support payments as ordered in a final divorce decree.

Background

The parties were divorced by a final decree entered in the Corporation Court of the City of Alexandria on October 20, 1966. The final decree ordered Edward W. Adcock (Adcock) to pay Mildred A. Adcock (now Houchens) child support in the amount of $30.00 per week, continuing until the parties' three minor children reached majority, became emancipated or the court otherwise decreed. It is undisputed that Adcock's child support obligation terminated on June 24, 1982, when the

youngest of the minor children was emancipated. Houchens[1] seeks to collect installments of child support that were due between the years 1967 and 1982.

On June 14, 2006, Houchens applied for DCSE to enforce the child support ordered from Adcock in the parties' final decree. Acting upon Houchens' request, on July 7, 2008, DCSE moved the Circuit Court of the City of Alexandria to re-open the parties' divorce, establish the child support arrearage and interest, and set a payment plan.

Adcock responded, pleading as an affirmative defense that the statute of limitations expressed in Code § 8.01-251 barred DCSE's attempt to collect the support arrearage due Houchens. The circuit court ruled that the statute of limitations did not bar the collection of child support arrears and interest. After hearing testimony, the court determined that the total amount of support arrearages, including principal and interest, due Houchens was $73,629.10.[3]

Adcock appealed to the Court of Appeals, and a divided panel affirmed the circuit court's determination. Adcock v. Dept. of Soc. Servs., 56 Va. App. 334, 693 S.E.2d 757 (2010). Adcock appeals.

---

[1] The Commonwealth of Virginia Department of Social Services, Division of Child Support Enforcement (DCSE) is a party to this appeal in its representative capacity for Mildred

2

Adcock contends that the 20-year statute of limitations set forth in Code § 8.01-251(A) bars Houchens' enforcement of the 1966 child support order, because the unpaid child support installments owed by Adcock became judgments as a matter of law more than 20 years before the instant proceeding to collect those arrears. Houchens argues that the 20-year limitation in Code § 8.01-251(A) only applies to liquidated money judgments, and not, as here, to an unliquidated ongoing support obligation. Houchens asserts that judgments created by the failure to pay support obligations when due and owing, pursuant to an ongoing decree, are judgments but that such judgments are not subject to the statute of limitations in Code § 8.01-251(A) because they are different from "ordinary" money judgments.

In <u>Bennett v. Commonwealth ex. rel. Waters</u>, 15 Va. App. 135, 422 S.E.2d 458 (1992), the Court of Appeals held that the foreign judgment statute of limitations under former Code § 8.01-252 (now governed by § 8.01-251(A)) did not apply to the enforcement of a New Jersey spousal support order under the Uniform Reciprocal Enforcement of Support Act (former Code § 20-88.12 <u>et seq.</u>). <u>Id.</u> at 147, 422 S.E.2d at 465. The

---

Houchens. For clarity, we will refer to Houchens and DCSE collectively as "Houchens."

rationale was that the New Jersey order was an ongoing unliquidated support obligation, and that no statute of limitations applied to such judgments.  Id.

In Bennett, the Court of Appeals stated that a support order or decree requiring the payment of money was a judgment pursuant to Code § 8.01-426, but, regarding whether such a judgment was subject to a statute of limitations, the court noted a distinction between support orders that adjudicate an ongoing unliquidated support obligation, and those that adjudicate a sum certain or liquidated amount due and owing for support.  Id. at 141-42, 422 S.E.2d at 462.  It held that statutes of limitations were applicable only to judgments that adjudicated a sum certain or a liquidated amount.  Id. at 147, 422 S.E.2d at 465.  The Court of Appeals reasoned that when an obligor fails to perform under the terms of an ongoing support order, a court has the inherent authority to enforce its order by rendering a judgment in favor of the obligee for the liquidated amount of the accumulated arrearages.  Id. at 144, 422 S.E.2d at 463.  It therefore concluded that when a support order "merely" establishes an ongoing unliquidated obligation, the general law of the Commonwealth provides no time limitation within which the obligee spouse may obtain a money judgment for the arrearage accumulated under such an order.  Id. at 144-45, 422 S.E.2d at 464.  On the other hand, once a judgment for a

4

sum certain is obtained, Code § 8.01-251 provides a 20-year period, unless extended, within which the obligee may enforce that judgment. Id. at 144, 422 S.E.2d at 463.

Relying primarily on Bennett, the Court of Appeals ruled, in this matter, that the statute of limitations in Code § 8.01-251(A) only applies to liquidated money judgments. It stated that because the child support order contained in the divorce decree was ongoing, rather than a liquidated money judgment, the statute of limitations in Code § 8.01-251(A) did not bar Houchens' attempt to collect the support arrearages. Adcock, 56 Va. App. at 334, 693 S.E.2d at 762. We disagree.

The relevant issue – whether the 1966 decree created a judgment or judgments that triggered the running of the 20-year limitation period expressed in Code § 8.01-251(A) – is a pure question of law regarding statutory interpretation and application. To determine whether the 20-year statute of limitations stated in Code § 8.01-251(A) bars Houchens' attempt to collect past due child support, we must examine the relevant decree and statutes. The standard of review applied by this Court is de novo. See, e.g., Level 3 Commc'ns, LLC v. State Corp. Comm'n, 282 Va. 41, 46, 710 S.E.2d 474, 477 (2011); Ford Motor Co. v. Gordon, 281 Va. 543, 549, 708 S.E.2d 846, 850 (2011) (citing Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

5

Code § 8.01-251(A) states:

No execution shall be issued and no action brought on a judgment, including a judgment in favor of the Commonwealth and a judgment rendered in another state or country, after 20 years from the date of such judgment or domestication of such judgment . . . .

Virginia law provides that decrees ordering payment of money have the effect of judgments. Code § 8.01-426 states in relevant part, "[A] decree or order requiring the payment of money, shall have the effect of a judgment for such . . . money. . . ."[2] The 1966 decree entered by the Corporation Court of the City of Alexandria required Adcock to pay his wife $30.00 per week until each of his three children reached the age of majority. The decree required the support payments to be made in installments due on specific dates; it was an ongoing support order.

Ongoing unliquidated support orders require installment payments on dates certain in the future. The statute of limitations in Code § 8.01-251(A) does not apply to future payments required by an ongoing support order, because such prospective payments are not judgments (see Code §§ 8.01-426, -427); an ongoing support order may be modified going forward.

---

[2] Substantially identical language has been in effect in Virginia since the Code of 1950. See former Code § 8-343 (1950). See also former Code § 6459 (1919). Thus, this provision was applicable in 1966, as well as under the 1977 revision of the Code that codified the provision in Code § 8.01-426.

6

See Code §§ 20-108, -109; Hammers v. Hammers, 216 Va. 30, 31, 216 S.E.2d 20, 21 (1975); Eaton v. Davis, 176 Va. 330, 341, 10 S.E.2d 893, 898 (1940). However, the prospective payments do become judgments on the date they are required to be paid and remain owing. See Code § 8.01-426. Once the date on which a payment is ordered to be made has passed, the obligation may not be modified. Support payments, required by an order or decree, "become vested as they accrue and the court is without authority to make any change as to past due installments." Cofer v. Cofer, 205 Va. 834, 838, 140 S.E.2d 663, 666 (1965).

The final decree entered by the corporation court required Adcock to make ongoing installment support payments. The decree provided the date on which each such installment was due. The decree was never modified; the dates on which the court-ordered payment installments were to have been made have passed. Adcock, undisputedly, failed to make money payments ordered by the court as they became due and owing pursuant to the court's decree. When the language of a statute is plain and unambiguous, courts are bound by the plain meaning of that language. Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001). Because the money was not paid on the dates due as required by the court's decree, the court's decree requiring that such payments be made "had the effect of a judgment for such amount" under the plain language of Code § 8.01-426.

7

Indicating that the General Assembly intends that due and unpaid support installments have the effect of judgments, since 1988 it has statutorily required every circuit court judge entering a divorce decree or other order providing for periodic support payments to include, in the decree itself, notice that a support obligation, as it becomes due and unpaid, creates a judgment by operation of law.  1988 Acts ch. 906; see current Code § 20-60.3(14).  Although that notice requirement was enacted after the dates relevant to the decree in this case, it is only by operation of Code § 8.01-426 and its substantially identical predecessor under the Code of 1950, which was in effect throughout the relevant time period, that a circuit court-ordered support obligation, as it becomes due and unpaid, has the effect of a judgment.[3]

We hold that, by operation of Code § 8.01-426, each installment payment ordered by the court in its decree became a judgment on the date such payment was due if it was not paid. Thus, each payment ordered by the court that Adcock failed to pay on the date it was due became a judgment for the amount of that installment payment.

---

[3] Code § 16.1-278.15(C) states that support obligations ordered by Juvenile and Domestic Relations District Courts create a judgment by operation of law as they become due and are unpaid.

8

Code § 8.01-251(A) does not make a distinction between judgments created by operation of law pursuant to Code § 8.01-426 and those for liquidated money damages.  Also, the statute does not contain an exception for judgments arising from unpaid ongoing support obligations.  When the General Assembly uses "words of a plain and definite import, courts cannot assign to them a construction that would be tantamount to holding that the General Assembly intended something other than that which it actually expressed."  Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 554, 570 S.E.2d 817, 820 (2002).  Thus, even if there were a practical legal distinction between a "judgment" and a "liquidated money judgment," such distinction is irrelevant to the application of § 8.01-251(A) because that statute makes no such distinction between the different types of judgments.

By its plain language, the time limitation stated in Code § 8.01-251(A) applies to all judgments.  There is nothing in the statute to indicate otherwise.  Thus, the judgments created as the result of a payor failing to make payments on the date ordered by an ongoing support order are limited in their enforcement to 20 years from the date each such missed payment becomes a judgment by operation of law, unless a statutorily authorized extension is obtained.[4]

---

[4] Other than that which is statutorily prohibited by Code § 8.01-251, this opinion in no way concerns or affects the

The support payments Adcock was ordered to pay pursuant to the divorce decree as they became due and were unpaid became judgments. In this case, the youngest child for whom Adcock owed support reached the age of 18 on June 24, 1982. It is undisputed that all support obligations ordered by the divorce decree became due and owing and thus created judgments on or before that date. Thus, the action to collect past due child support obligations, based upon the 1966 decree, was filed more than 20 years after any payments ordered by the decree became judgments by operation of law, and is barred pursuant to Code § 8.01-251(A). The circuit court should have so held.

Accordingly, we will reverse the judgment of the Court of Appeals, and enter final judgment for Adcock.

Reversed and final judgment.

---

ability of a court to use its inherent authority to enforce its orders.